## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

          Plaintiff,

v.

KEITH CHARLES EISENBERGER,
a/k/a "K.C. Eisenberger,"
a/k/a "The Honourable K.C.
Eisenberger,"
a/k/a "Eisenberger K.C. Keathekuk,"

          Defendant.

Case No. 22-cr-00175-JFH

### Plea Agreement Pursuant to
### Federal Rule of Criminal Procedure 11(c)(1)(C)

The United States of America, by and through Clinton J. Johnson, United States

Attorney for the Northern District of Oklahoma, and Christopher J. Nassar,

Assistant United States Attorney, and the defendant, KEITH CHARLES

EISENBERGER, in person and through counsel, Robert A. Ridenour, respectfully

inform the Court that they have reached the following plea agreement, pursuant to

Fed. R. Crim. P. 11(c)(1)(C).

1.    **Plea**

The defendant agrees to enter voluntary pleas of guilty to the following:

> **COUNT ONE: 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5) – Cyberstalking**
> **COUNT TWO: 18 U.S.C. §§ 115(a)(1)(B) and (b)(4) – Threatening to**
> **Kidnap and Assault a Member of Congress**

*KCE*
Defendant's Initials

**COUNT THREE: 18 U.S.C. §§ 115(a)(1)(A) and (b)(4) – Threatening to Kidnap and Assault the Spouse of a Member of Congress**

as set forth in the Indictment in the instant case, Northern District of Oklahoma, and admits to being in fact guilty as charged in the counts to which the defendant is pleading guilty.

2.   **Waiver of Constitutional Rights**

The defendant understands that, by pleading guilty, the following constitutional rights will be relinquished:

a.  the right to be indicted if proceeding by Information;

b.  the right to plead not guilty;

c.  the right to be tried by a jury, or, if the defendant wishes and with the consent of the Government, to be tried by a judge;

d.  at trial, the defendant has the right to an attorney, and if defendant could not afford an attorney, the Court would appoint one to represent the defendant;

e.  the defendant has the right to assist in the selection of the jury;

f.  during trial, the defendant would be presumed innocent, and a jury would be instructed that the Government has the burden to prove the defendant guilty beyond a reasonable doubt and by a unanimous verdict;

g.  the defendant has the right to confront and cross-examine witnesses against the defendant;

h.  if desired, the defendant could testify on the defendant's own behalf and present witnesses in the defendant's defense;

i.  if the defendant did not wish to testify, that fact could not be used against the defendant, and a jury would be so instructed;

Revised 02-28-20

2

Defendant's Initials

j. if the defendant were found guilty after a trial, the defendant would have the right to appeal that verdict to determine if any errors had been committed during trial that would require either a new trial or a dismissal of the charges;

k. at trial, the defendant would be entitled to have a jury determine beyond a reasonable doubt any facts which may have the effect of increasing the defendant's mandatory minimum or maximum sentence; and

l. any rights and defenses defendant may have under the Excessive Fines Clause of the Eighth Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

By pleading guilty, the defendant will be giving up all of these rights. By pleading guilty, the defendant understands that the defendant may have to answer questions posed to defendant by the Court, both about the rights that the defendant will be giving up and the factual basis for the defendant's plea.

### 3. Appellate and Post-Conviction Waiver

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following terms:

a. The defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a); except that the defendant reserves the right to appeal from a sentence that exceeds the statutory maximum;

b. The defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 543 U.S. 220 (2005); and

c. The defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, including any assessment,

3

Defendant's Initials

forfeiture, restitution order, the length of term of supervised release and any condition of supervised release, except for claims of ineffective assistance of counsel.

The defendant expressly acknowledges that counsel has explained his appellate and post-conviction rights; that the defendant understands his rights; and that the defendant knowingly and voluntarily waives those rights as set forth above.

**KEITH CHARLES EISENBERGER**

4. **Departure and Variance Waiver**

In consideration of the promises and concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily agrees to the following:

    a. the defendant agrees not to request, recommend, or file a motion seeking a departure from the Guidelines range; and

    b. the defendant agrees not to request, recommend, or file a motion seeking a variance below the Guidelines range pursuant to the § 3553(a) factors.

5. **Freedom of Information Act Waiver**

The defendant waives all rights, whether asserted directly or by a representative, to request or to receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

4

Revised 02-28-20

Defendant's Initials

6. **Rule 11 Rights Waiver**

The defendant knowingly and expressly waives all of the rights afforded

defendant pursuant to the provisions of Rule 11(f) of the Federal Rules of Criminal

Procedure. In other words, after entry of a plea made pursuant to this plea

agreement, and in consideration thereof, the following shall be admissible against the

defendant:

a. A plea of guilty which is later withdrawn or which the defendant seeks to withdraw, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C);

b. Any statement made in the course of any proceeding under Rule 11 regarding said plea of guilty; and

c. Any statement made in the course of plea discussions with an attorney or agent for the Government, or which were made pursuant to a proffer letter agreement, which result in a plea of guilty later withdrawn, unless done pursuant to Fed. R. Crim. P. 11(c)(1)(C).

7. **Waiver of Right to Jury Trial on Sentencing Factors**

The defendant, by entering this plea, also waives the right to have facts that

determine the offense level under the Sentencing Guidelines (including facts that

support any specific offense characteristic or other enhancement or adjustment) (1)

charged in the Indictment, (2) proven to a jury, or (3) proven beyond a reasonable

doubt. The defendant explicitly consents to have the sentence based on facts to be

established by a preponderance of the evidence before the sentencing judge pursuant

to *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), and *United States v.*

*Magallanez*, 408 F.3d 672 (10th Cir. 2005), and to allow the Court to consider any

Revised 02-28-20

Defendant's Initials

reliable evidence without regard to its admissibility at trial. The defendant explicitly acknowledges that his plea to the charged offenses authorizes the Court to impose any sentence up to and including the maximum sentence set forth in the United States Code. The defendant also waives all challenges to the constitutionality of the Sentencing Guidelines.

### 8.   Payment of Monetary Penalties

The defendant understands that the Court may impose a fine pursuant to the Sentencing Guidelines. The defendant agrees, as a part of this agreement, to submit to interviews by the United States Attorney's Financial Litigation Unit regarding the defendant's financial status, and to complete and submit a financial statement, under oath, not later than two weeks after the date of this plea agreement. The defendant understands that, by law, interest accrues on any remaining balance of the debt.

That monetary penalties imposed by the Court will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

### 9.   Forfeiture Agreement

The defendant agrees to the forfeiture to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461, of the following property, used or intended to be used, to commit or to promote the commission of such offenses:

6

Revised 02-28-20

Defendant's Initials

**ELECTRONICS**

1. HP Computer, Model: TPC-0066-22 ;

2. Tablet, unknown make/model;

3. LG Cell Phone;

4. LG Cell Phone, unknown make/model (star sticker on back);

5. Samsung Cell Phone, S/N R58J219MDHJ; and

6. One Seagate Constellation Hard drive, Model STS00NM0011, S/N 10JMRW "labeled as DEOC100."

Defendant agrees to take all steps as requested by the forfeiting authority to pass clear title to forfeitable assets, including, but not limited to, the execution of a consent decree of forfeiture and the completion of any other legal documents required for the transfer of title.

Defendant agrees that the forfeited property is subject to seizure and forfeiture by the United States, and that no defense exists to the seizure and forfeiture of this property by the United States. As such, defendant hereby relinquishes all claim, title, and interest in the above-referenced property to the United States and agrees not to oppose any civil, administrative, or judicial forfeiture of the property.

Defendant waives any and all interest in the above property and consents to their forfeiture by whatever process the government chooses. Defendant agrees that the government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If defendant has filed a claim to the above-mentioned assets in any forfeiture process, defendant

Revised 02-28-20

Defendant's Initials

hereby agrees to withdraw it.  Defendant further agrees not to file a claim to the above identified assets or properties in any future forfeiture proceeding of whatever type.  In the event that the law enforcement agency having custody of the property decides not to pursue forfeiture of any of the seized property, defendant hereby abandons any interest in such property and consents to its destruction by, and/or abandonment to, the law enforcement agency.

The defendant understands that forfeiture is part of the sentence that will be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time defendant's guilty plea is accepted.  The defendant further understands that, pursuant to Rule 32.2(b)(4)(A), the order of forfeiture will become final as to the defendant upon entry.  The defendant waives notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  The defendant also waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### 10.  Special Assessment

The defendant hereby agrees to pay the total amount required for the Special Monetary Assessment ($100 per felony count) to the United States District Court Clerk before the time of the sentencing hearing or as directed by the District Court.

8

*KCE*

Defendant's Initials

## 11.    Factual Basis and Elements

The elements that the United States must prove beyond a reasonable doubt in

order to convict under 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5) are as follows:

1. The defendant used the mail, any interactive computer service, electronic communication service, electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct;
2. The defendant acted with the intent to injure, harass, or intimidate another person; and
3. That course of conduct caused, attempted to cause, or would be reasonably expected to cause substantial emotional distress to another person or that person's immediate family.

With regard to the factual basis required by Federal Rule of Criminal Procedure

11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea

of guilty and relieves the United States of any further obligation to adduce such

evidence.

The elements that the United States must prove beyond a reasonable doubt in

order to convict under 18 U.S.C. §§ 115(a)(1)(B) and (b)(4) are as follows:

1. The defendant threatened to assault, kidnap, or murder a United States official (includes members of congress);
2. With intent to:
   a. impede, intimidate, or interfere with such official, judge, or law enforcement officer while he or she was engaged in the performance of official duties, or
   b. with the intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties

With regard to the factual basis required by Federal Rule of Criminal Procedure

11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea

Revised 02-28-20

9

Defendant's Initials

of guilty and relieves the United States of any further obligation to adduce such

evidence.

The elements that the United States must prove beyond a reasonable doubt in

order to convict under 18 U.S.C. §§ 115(a)(1)(A) and (b)(4) are as follows:

1. The defendant threatened to assault, kidnap, or murder an immediate family member (includes spouse) of a United States official (Includes members of congress)
2. With intent to:
   a. impede, intimidate, or interfere with such official, judge, or law enforcement officer while he or she was engaged in the performance of official duties, or
   b. with the intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties

With regard to the factual basis required by Federal Rule of Criminal Procedure

11(b)(3), the defendant agrees and stipulates that there is a factual basis for the plea

of guilty and relieves the United States of any further obligation to adduce such

evidence.

The defendant, KEITH CHARLES EISENBERGER, admits knowingly,

willfully, and intentionally committing or causing to be committed the acts

constituting the crimes alleged in Counts 1, 2, & 3 in the instant case, and confesses

to the Court that the defendant is, in fact, guilty of such crimes.

I, KEITH CHARLES EISENBERGER, admit that between on or about November 27, 2018, to on or about May 11, 2022, in the Northern District of Oklahoma and elsewhere, I knowingly used an interactive communication service, electronic communication service, electronic communication system of interstate commerce, and other facilities of interstate and foreign commerce, with the intent to harass and intimidate United States Representative Kevin Hern, by engaging in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to

10

Revised 02-28-20

Defendant's Initials

Representative Kevin Hern, his spouse Tammy Hern, and his immediate family.

Further, I admit that between on or about November 27, 2018, to on or about May 11, 2022, in the Northern District of Oklahoma and elsewhere, I threatened to assault and kidnap United States Representative Kevin Hern with the intent to impede, intimidate, and interfere with Representative Hern while he was engaged in his official duties, and to retaliate against Representative Hern on account of the performance of his duties.

Lastly, I admit that on or about May 11, 2022, in the Northern District of Oklahoma and elsewhere, I threatened to assault and kidnap Tammy Hern, the spouse of United States Representative Kevin Hern, with the intent to impede, intimidate, and interfere with Representative Hern while he was engaged in his official duties, and to retaliate against Representative Hern on account of the performance of his duties.

_The Hon. K.C. Eisbg_     10 Aug 2022
KEITH CHARLES EISENBERGER     Date
Defendant

## 12.   **Further Prosecution**

The United States shall not initiate additional criminal charges against the

defendant in the Northern District of Oklahoma that, as of the date of the

defendant's acceptance of this agreement, arise from its investigation of the

defendant's actions and conduct giving rise to the instant Indictment, save and

except crimes of violence and criminal acts involving violations investigated by the

United States Internal Revenue Service. The defendant understands, however, that

this obligation is subject to all "Limitations" set forth below, and that the United

States Attorney's Office for the Northern District of Oklahoma is free to prosecute

the defendant for any illegal conduct (*i.e.*, violation of federal criminal laws) not

Defendant's Initials

discovered by or revealed to the Government during its investigation or occurring after the date of this agreement.

### 13.   **Dismissal of Remaining Counts**

If the Court finds the defendant's pleas of guilty to be freely and voluntarily made and accepts the pleas, then the United States will move, at the appropriate time, to dismiss the remaining counts in the instant case, if any, as to this defendant.

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), if the defendant's guilty pleas are rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be re-presented to a grand jury with jurisdiction over the matter. In such event, the defendant hereby waives any objections, motions or defenses based upon the applicable statute of limitations, the Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

### 14.   **Acceptance of Responsibility**

Provided the defendant clearly demonstrates acceptance of responsibility, the United States agrees to recommend a two-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. The United States agrees to file a motion recommending that the defendant receive an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b) if the defendant is otherwise eligible therefor. The sentencing judge is in a unique position to evaluate the acceptance of responsibility, and the Court's determination

Revised 02-28-20

Defendant's Initials

will provide the final approval or disapproval of any Section 3E1.1 point level reduction for timely acceptance of responsibility.

The obligations of the Government herein, relative to acceptance of responsibility are contingent upon the defendant's continuing manifestation of acceptance of responsibility as determined by the United States. If the defendant falsely denies, or makes conflicting statements as to, his involvement in the crimes to which he is pleading, falsely denies or frivolously contests relevant conduct that the Court determines to be true, willfully obstructs, or attempts to obstruct or impede the administration of justice as defined in U.S.S.G. § 3C1.1, or perpetrates or attempts to perpetrate crimes while awaiting sentencing, or advances false or frivolous issues in mitigation, the United States expressly reserves the right to withdraw any recommendation regarding acceptance of responsibility without breaching the agreement.

### 15. <u>Sentence</u>

#### a. <u>Imprisonment</u>

The defendant acknowledges that under 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5), the maximum statutory sentence is 5 years of imprisonment and a fine of not more than $250,000.

The defendant acknowledges that under 18 U.S.C. §§ 115(a)(1)(B) and (b)(4), the maximum statutory sentence is 10 years of imprisonment and a fine of not more than $250,000.

Revised 02-28-20

Defendant's Initials

The defendant acknowledges that under 18 U.S.C. §§ 115(a)(1)(A) and (b)(4), the maximum statutory sentence is 10 years of imprisonment and a fine of not more than $250,000.

**Supervised Release**

Additionally, the defendant is aware, if imprisonment is imposed, that the Court may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment not to exceed 3 years.

If the term of supervised release for any count of conviction is revoked, the defendant may be imprisoned for an additional term not to exceed the term of imprisonment authorized in 18 U.S.C. § 3583(e)(3) for the offense of conviction, with no credit being given for any time served while on supervised release. Further, the Court may impose another term of supervised release following any term of imprisonment imposed for a violation of supervised release conditions, and this term of supervised release may not exceed the term of supervised release originally authorized by statute for the offense of conviction less any term of imprisonment that was imposed upon revocation of supervised release (18 U.S.C. § 3583(e) and (h)). If a second or subsequent term of supervised release is revoked, the Court may impose another term of imprisonment not to exceed the difference between any imprisonment imposed for a prior revocation of supervised release for the offense of conviction and the term of imprisonment authorized pursuant to 18 U.S.C. § 3583(e)(3). Accordingly, the original term of imprisonment when combined with

Revised 02-28-20

Defendant's Initials

any term of imprisonment arising from revocations of supervised release, may result in a total amount of imprisonment greater than the statutory maximum term for the offense of conviction.

### b. Guidelines

The defendant is aware that the Sentencing Guidelines promulgated pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551 through § 3742, and 28 U.S.C. § 991 through § 998, are advisory. The district courts, while not bound to apply the Sentencing Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C.A. § 3553(a). The sentence imposed in federal court is without parole.

Nothing in this plea agreement, save and except any stipulations contained herein, limits the right of the United States to present to the Court or Probation Office, either orally or in writing, any and all facts and arguments relevant to the defendant's sentence that are available to the United States at the time of sentencing. The defendant acknowledges hereby that relevant conduct, that is, conduct charged in any dismissed count and all other uncharged related criminal activities, will be used in the Sentencing Guidelines calculation. The United States reserves its full opportunity to speak pursuant to Rule 32(i)(4)(A)(iii) of the Federal Rules of Criminal Procedure. The defendant further understands that the sentence to be imposed upon the defendant will be determined solely by the sentencing judge.

15

Defendant's Initials

16.   **Stipulations**

The defendant and the United States stipulate and agree as follows:

a.   Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the appropriate disposition in this case is a sentence of  36 months of imprisonment and 36 months of supervised release. This stipulated sentence departs downward from the anticipated guideline calculation for the violations to which the defendant is pleading guilty. The parties have considered various factors in fashioning this sentence, including the defendant's acceptance of responsibility, the strength of the evidence, judicial economy, and the interests of justice. The defendant in this case was very cooperative with investigators and quickly admitted to his actions. The evidence in this case is strong, as it includes a taped confession and multiple forms of digital evidence documenting the defendant's crimes, which are also corroborated by witness testimony. Resolution of this case pursuant to the stipulated sentence benefits the punitive exposure of the defendant, the investigative resources of the government, and saves the victims and fact witnesses from the stress and time demands that would be associated with a contested trial. For these reasons, a sentence 36 months of imprisonment and 36 months of supervised release, meets the sentencing goals for this type of case and this defendant. The parties agree upon this sentence regardless of any advisory Sentencing Guidelines calculations.

b.   The parties agree that the defendant may withdraw his pleas of guilty in the event that the Court rejects the plea agreement.

Revised 02-28-20

Defendant's Initials

c.  Having been fully apprised by defense counsel of defendant's right to seek compensation pursuant to Public Law 105-119, the defendant **WAIVES** any and all such right, and stipulates that defendant is not a "prevailing party" in connection with this case.

17.   <u>Limitations</u>

This plea agreement shall be binding and enforceable upon the Office of the United States Attorney for the Northern District of Oklahoma, but in no way limits, binds or otherwise affects the rights, powers, duties or obligations of any state or local law enforcement agency, administrative or regulatory authorities, civil or administrative enforcement, collection, bankruptcy, adversary proceedings or suits which have been or may be filed by any governmental entity, including without limitation, the Internal Revenue Service, the Tax Division of the Department of Justice and the trustee in bankruptcy.

18.   <u>Breach of Agreement</u>

In the event either party believes the other has failed to fulfill any obligations under this agreement, then the complaining party shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations herein. Whether or not a party has completely fulfilled all of its obligations under this agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by either party shall be admissible and at which the complaining party shall be required to establish any breach by a preponderance of the evidence.

Revised 02-28-20

Defendant's Initials

The defendant hereby **WAIVES** any right under Rule 11(d) and (e) of the Federal Rules of Criminal Procedure to withdraw from defendant's plea and this agreement, save and except under circumstances where the Court rejects the plea agreement under Rule 11(c)(5), except for the limited reasons outlined above in this paragraph, and except as provided in Fed. R. Crim. P. 11(c)(1)(C).

Except as provided in Fed. R. Crim. P. 11(c)(1)(C), in the event that KEITH CHARLES EISENBERGER, after entry of a plea of guilty, unsuccessfully attempts to withdraw the defendant's plea of guilty, the United States may continue to enforce the agreement but will no longer be bound by any particular provision in this agreement. This provision will not have any continued vitality if it is determined by the Court that the United States acted in bad faith to bring about the attempted withdrawal of plea.

19.   **Conclusion**

No agreements, representations or understandings have been made between the parties in this case, other than those which are explicitly set forth in this plea agreement and the Plea Agreement Supplement that the United States will file in this case (as is routinely done in every case, even though there may or may not be any additional terms) and none will be entered into unless executed in writing and signed by all of the parties.

SO AGREED:

CLINTON J. JOHNSON

Revised 02-28-20

Defendant's Initials

United States Attorney

_____
CHRISTOPHER J. NASSAR
Assistant United States Attorney

16-Aug-22
_____
Dated

_____
for ROBERT A. RIDENOUR
Attorney for Defendant

9-10-22
_____
Dated

_____
KEITH CHARLES EISENBERGER
Defendant

10 AUG 2022
_____
Dated

Revised 02-28-20

19

_____
Defendant's Initials

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing which may apply to my case. No other promises or inducements have been made to me, other than those contained in this pleading. In addition, no one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____     10 AUG 2022
KEITH CHARLES EISENBERGER          Dated
Defendant

I am counsel for the defendant in this case. I have fully explained to the defendant the defendant's rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements and I have fully explained to the defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

_____     8-10-22
ROBERT A. RIDENOUR                 Dated
Counsel for the Defendant

20

Revised 02-28-20

Defendant's Initials